**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTIAN PAUL EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23-cv-01111-MTS |
| | ) | |
| ST. CHARLES POLICE DEPARTMENT, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

Self-represented Plaintiff Christian Edwards brings this action under 42 U.S.C. § 1983 for alleged violations of his Constitutional rights.  The matter is now before the Court upon Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.  Doc. [5].  Having reviewed the Application, and his inmate account statement, the Court will grant the Application and assess an initial partial filing fee of $51.60.  *See* 28 U.S.C. § 1915(b)(1).  Since Plaintiff is now proceeding without prepaying the filing fee, the Court will review his complaint under 28 U.S.C. § 1915.  Based on such review, the Court will partially dismiss the Complaint and will order the Clerk to issue process or cause process to be issued on the remaining portions of the Complaint.  Furthermore, as there is no right to appointment of counsel in civil cases, and because it would be premature to grant appointment at this stage in the proceeding, the Court will deny Plaintiff's two motions for appointment of counsel.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee.  *See Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) (per curiam) (explaining "all prisoner-litigants [must] pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time").  If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds ten dollars until the four hundred two dollar filing fee is fully paid.  *Id.*

When he filed this action, Plaintiff identified himself as a pretrial detainee confined in the St. Charles County Jail.  Doc. [1] at 2; Doc. [1-1] at 1.  In support of his Application, Plaintiff submitted an inmate account statement showing average monthly deposits over the most recent six-month period of $257.98.  Doc. [5-1].  The Court finds that Plaintiff has insufficient funds in his inmate account to prepay the entire fee; therefore, the Court will assess an initial partial filing fee of $51.60, which is twenty percent of Plaintiff's average monthly deposits.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (calling it "clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim"). When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of

misconduct." *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  *Id.* at 679.

### The Complaint

Plaintiff brings this 42 U.S.C. § 1983 action against the St. Charles Police Department and two police officers: David Fruits and Unknown Porzel.  Doc. [1] at 1–2. Plaintiff sues Officer Fruits in both his individual and official capacity.  *Id.* at 2.  Plaintiff does not state in what capacity he brings his claims against Officer Porzel.

Plaintiff alleges that on October 18, 2020, he was "physically abused with excessive force" and "unnecessary police brutality" by Defendant Officer Fruits when Fruits arrested him.  Doc. [1-2] at 1.  The incident, as described by Plaintiff in his own words, is as follows:

> The day police officer arrested me, as he put the handcuffs on me he made them tight to the point that my blood flow to my wrist was cut off.  As officer David Fruits walked me to the police car I then tried to step back and as I stepped back police officer David Fruits slammed me to the ground from the back by slamming me by the handcuffs, I then fractured my wrist and hit my head hard on the floor bed of the police car.

*Id.*

Plaintiff alleges that this incident resulted in a fractured wrist and a concussion.[1]  *Id.* at 3.  In terms of long-term injuries, Plaintiff states that ever since this incident occurred

---

[1] Plaintiff attached a page of photos to his complaint.  Doc. [1-3].  He describes the photo exhibit as containing four (4) "pictures of [his] fractured wrist."  Doc. [1] at 7. In assessing whether a complaint sufficiently states a valid claim for relief, courts may consider materials that are attached to the Complaint as exhibits.  *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted);

over three years ago, he has suffered from PTSD, anxiety, depression, stress, and night terrors.  *Id.* at 2.  According to Plaintiff, Officer Fruits "has scarred" him and made him "scared of police officers."  *Id.*  Plaintiff further alleges that Fruits "failed to give [him] the proper medical assistan[ce]" after the alleged incident of excessive force.  *Id.*  Plaintiff states that after he was booked in jail, he was given only an ice bag.  He alleges he did not receive any medication for his concussion.  *Id.* at 3.  For relief, Plaintiff states he "feel[s]" that he "deserve[s]" ten (10) million dollars "from the insurance company and from officer David Fruits."  *Id.* at 4.  Plaintiff also would like Officer Fruits fired.  *Id.*

**Discussion**

After review and liberal construction of the pro se Complaint, the Court will direct that the Clerk issue process or cause process to issue as to Plaintiff's individual capacity claims of excessive force on arrest and deliberately indifferent medical care against Officer David Fruits.  For the reasons discussed below, all other claims will be dismissed for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

## I.    Defendant St. Charles Police Department

The Court will dismiss the Complaint as to the St. Charles Police Department for the simple reason that, as a department or subdivision of City government, it is not a suable entity.  *See Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992) (holding that departments or subdivisions of local government are "not juridical entities suable as such" under § 1983); *see also, e.g.*, *Russell v. St. Charles Police Dep't*, 4:18-cv-1666-AGF,

---

Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

2019 WL 77359, at *2 (E.D. Mo. Jan. 2, 2019) (dismissing St. Charles Police Department for this reason).[2]

## II.    Defendant Officer Porzel

Although Plaintiff lists Officer Porzel as a Defendant in the caption of his complaint, Plaintiff makes no allegations of harm against Porzel in his pleadings.  "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (explaining that, to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights).

Because Plaintiff does not allege that Officer Porzel did anything to violate Plaintiff's rights, Defendant Porzel must be dismissed from this matter.  *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (per curiam) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints."); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (per curiam) (affirming dismissal of pro se complaint against defendants who were merely listed as defendants in the complaint and there were no allegations of constitutional harm against them).

---

[2] In any event, the Complaint fails to state any allegations of harm whatsoever against the St. Charles Police Department.  As such, it also fails to state an actionable claim under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690–91 (1978), as would be necessary to substitute the municipality as a defendant.

### III.   Defendant Officer David Fruits

#### a.  Official Capacity Claim

Plaintiff names Defendant Fruits—a St. Charles Police Officer—in both his official and individual capacities.  Doc. [1] at 2.  A suit brought against a government official in his or her official capacity pursuant to § 1983 is not a suit against the official, but rather a suit against the official's office.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, an official-capacity suit generally represents a "way of pleading an action against an entity of which an officer is an agent."  *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).  In other words, the real party in interest in an official-capacity suit is not the named official, but the governmental entity.  *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

Plaintiff's official-capacity claim against Fruits must be treated as a claim against the governmental entity which employs him, St. Charles County.  In *Monell v. Department of Social Services of New York*, 436 U.S. 658, 690 (1978), the Supreme Court held that a municipality or local governing body can be directly liable under § 1983.  Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise."  *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); *see also Marsh v. Phelps Cnty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Plaintiff fails to make any assertions against St. Charles County in his complaint, and definitely no allegations that could be construed as a *Monell* claim.  There are no claims

of a constitutional violation by St. Charles County resulting from any policy, custom, or deliberately indifferent failure to train or supervise.  As such, Plaintiff's official-capacity claims against St. Charles Police Officer Fruits fail to state a claim for relief and must be dismissed under 28 U.S.C. § 1915(e)(2)(B).

### b.  Individual Capacity Claim

Plaintiff alleges that Officer Fruits used excessive force when arresting him and that he failed to provide proper medical assistance for the injuries that he caused.  Accepting Plaintiff's factual allegations as true—as the Court must at this stage of pleading—Plaintiff's Complaint states enough factual allegations to support an excessive force on arrest claim against Fruits.

### i.  Excessive Force on Arrest

As Plaintiff was not a convicted and sentenced prisoner at the time of arrest, the Court construes this claim under the Fourth Amendment.   "The Fourth Amendment protects citizens from being seized through excessive force by law enforcement officers." *Thompson v. City of Monticello*, 894 F.3d 993, 998 (8th Cir. 2018) (internal citation omitted); *see also Andrews v. Fuoss*, 417 F.3d 813, 818 (8th Cir. 2005) ("The right to be free from excessive force is included under the Fourth Amendment's prohibition against unreasonable seizures of the person."); *Wilson v. Spain*, 209 F.3d 713, 715 (8th Cir. 2000) ("The Fourth Amendment's prohibition against unreasonable seizures of the person applies to excessive-force claims that arise in the context of an arrest or investigatory stop of a free citizen" (internal quotations omitted)).  The violation of this right is sufficient to support an action under § 1983.  *Crumley v. City of St. Paul*, 324 F.3d 1003, 1007 (8th Cir. 2003).

The Court of Appeals for the Eighth Circuit has explained how to evaluate such claims:

> When evaluating a Fourth Amendment excessive force claim under § 1983, we consider "whether the amount of force used was objectively reasonable under the particular circumstances." *Michael v. Trevena*, 899 F.3d 528, 532 (8th Cir. 2018). We evaluate the reasonableness of the force used from the perspective of a reasonable officer on the scene, not with the benefit of hindsight. *Id.* This evaluation entails careful consideration of the case's particular facts and circumstances, including: "(1) the severity of the crime at issue; (2) whether the suspect posed an immediate threat to the safety of the officers or others; and (3) whether the suspect is actively resisting arrest or attempting to evade arrest by flight." *Id.* (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)). We may also consider the result of the use of force. *Crumley v. City of St. Paul*, 324 F.3d 1003, 1007 (8th Cir. 2003).

*Kohorst v. Smith*, 968 F.3d 871, 876 (8th Cir. 2020).

Taking Plaintiff's factual allegations as true, Officer Fruits handcuffed Plaintiff so tightly that the blood flow was restricted to his hands. Then, as Fruits escorted handcuffed Plaintiff to the car, Plaintiff "stepped back" and was slammed to the ground, hitting his "head hard on the floor bed of the police car." Doc. [1-2] at 1. The incident resulted in a fractured wrist and head injury.

Taking those facts as true, as is proper at this stage, the Court finds that Plaintiff has stated a plausible claim of excessive force on arrest against Officer Fruits. *See Blazek v. City of Iowa City*, 761 F.3d 920, 925 (8th Cir. 2014) ("[W]hen a person is subdued and restrained with handcuffs, a 'gratuitous and completely unnecessary act of violence' is unreasonable and violates the Fourth Amendment." (quoting *Henderson v. Munn*, 439 F.3d 497, 503 (8th Cir. 2006))); *see also Johnson v. Grisham*, 827 F. App'x 612 (8th Cir. 2020) (per curiam) (reversing preservice dismissal of excessive force claim because it was not

- 9 -

clear that "the allegations . . . ha[d] no arguable basis in law or fact"); *Crumley*, 324 F.3d at 1008 (discussing how being handcuffed too tightly can state an excessive force claim if there is "something beyond allegations of minor injuries"). As such, the Court will direct that process issue on this claim.

### ii. Deliberately Indifferent Medical Care

A law enforcement officer must not act with deliberate indifference to the serious medical needs of an arrestee. *McRaven v. Sanders*, 577 F.3d 974, 979–81 (8th Cir. 2009). To determine whether Defendant's failure to seek medical care for Plaintiff violated Plaintiff's constitutional rights, the Court applies the Eighth Amendment "deliberate indifference" standard. *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). "The deliberate indifference standard has both objective and subjective prongs." *Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016). Thus, to plead an Eighth Amendment claim of deliberate indifference, Plaintiff here must have pleaded facts that show he suffered from an objectively serious medical need and that Defendant actually knew of and deliberately disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019)

Taking Plaintiff's version of the event as true, the Court concludes he suffered from an objectively serious medical need. One way a medical need can be objectively serious is that the need is "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Barton*, 820 F.3d at 964. Here, Plaintiff alleges Defendant intentionally slammed Plaintiff in such a way that it caused Plaintiff to "hit [his] head hard" on the floor of the police car and hit the ground hard enough that it broke Plaintiff's wrist. Taking these allegations as true and in a favorable light to Plaintiff, a layperson would have

recognized the necessity for medical attention. Given that Plaintiff alleges Defendant Fruits gratuitously inflicted Plaintiff's injuries on him, it plausibly follows that Defendant Fruits knew of Plaintiff's resulting injuries and deliberately disregarded them. *See Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017) ("[D]eliberate indifference requires a highly culpable state of mind approaching actual intent.").

### Appointment of Counsel

Finally, Plaintiff has filed two motions for appointment of counsel. Doc. [2]; Doc. [6]. The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984); *see also Lozano v. Schubert*, 41 F.4th 485, 492 (5th Cir. 2022). Once the plaintiff has alleged a *prima facie* claim, the Court must determine the plaintiff's need for counsel to effectively litigate his claim. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The Court of Appeals for the Eighth Circuit "has delineated certain criteria for district courts to consider in deciding whether to recruit counsel, including the factual and legal complexity of the underlying issues, the existence of conflicting testimony, and the ability of the indigent plaintiff to investigate the facts and present his claims." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam).

The Court finds that appointment of counsel is not warranted at this time. The action appears to involve straightforward questions of fact rather than complex questions of law. Further, the request for counsel is hasty, as Defendant has not yet been served, and the

Court has not issued any Case Management Order.  It is not even known at this point whether there will be conflicting testimony.  While the Court will deny Plaintiff's Motions for appointment of counsel, it will do so without prejudice to future motions if developments in this action demonstrate the need for appointment.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [5], is **GRANTED.**   *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial partial filing fee of $51.60 no later than **<u>Monday, March 18, 2024</u>**.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.  **Failure to timely do so will result in the dismissal of this action.**  *See* 28 U.S.C. § 1915(b)(1) (providing that the court *shall* collect an initial partial filing fee "when funds exist").[3]

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the Complaint as to Defendants St. Charles Police Department and Officer Unknown Porzel because, as to these Defendants, the Complaint fails to state a claim on which relief may be granted.  Plaintiff's claims against Defendants St. Charles

---

[3] *See also In re Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997) (noting that, under the Prison Litigation Reform Act, the failure to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1) may result in dismissal of a prisoner's action (citing *Ayo v. Bathey*, 106 F.3d 98, 101 (5th Cir. 1997) (per curiam))).

Police Department and Officer Unknown Porzel are **DISMISSED**.  *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the Complaint as to Plaintiff's official-capacity claims against defendant Officer David Fruits.   This claim will be **DISMISSED**. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the Complaint as to Defendant Officer David Fruits, in his individual capacity, with regard to Plaintiff's claim of excessive force on arrest and Plaintiff's claim of deliberately indifferent medical care.   Defendant David Fruits shall be served by issuance of summons and service by the U.S. Marshals Service at the St. Charles Police Department, 1781 Zumbehl Road, St. Charles, MO 63301.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Appointment of Counsel Doc. [2] & Doc. [6], are **DENIED without prejudice**.

An Order of Partial Dismissal will accompany this Memorandum and Order.   An appeal from the Order would not be taken in good faith.[4]  28 U.S.C. § 1915(a)(3).

Dated this 15th day of February 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[4] *See* 28 U.S.C. § 1291 (providing that the "courts of appeals . . . shall have jurisdiction of appeals from all *final* decisions of the district courts of the United States" (emphasis added)); Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").